IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **INNOVATIVE ENVIRONMENTAL TECHNOLOGIES, INC.,** | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **PEROXYCHEM LLC, SCOTT STEFFL, AND BRUCE LERNER,** | : |
| | : |
| Defendants. | : |

Civil Action No. 2:15-cv-03145

**JURY TRIAL DEMANDED**

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE COMPLAINT

### Preliminary Statement

Defendants PeroxyChem LLC ("PeroxyChem"), Scott Steffl, and Bruce Lerner (collectively, "Defendants") hereby respond to the Complaint of Plaintiff Innovative Environmental Technologies, Inc. ("IET"), filed June 5, 2015, in which IET asserts that Defendants directly and/or indirectly infringe U.S. Patent No. 7,531,709 (the "'709 Patent").

Below, Defendants first set forth their Answer and Affirmative Defenses to IET's Complaint. Defendant PeroxyChem then sets forth Counterclaims seeking a declaratory judgment that the '709 Patent is invalid and/or not infringed.

As one example, section 102(b) of the Patent Act states there can be no valid patent when the claimed invention was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). The '709 Patent claims priority to an application filed in 2003. But years before this application date, the invention claimed in the '709 Patent was in public use and on sale via the DARAMEND prior art soil remediation

product, as is well documented in publicly available information, including from the Environmental Protection Agency.

Before issuing the '709 Patent, the U.S. Patent and Trademark Office were not aware of and did not have the opportunity to consider this invalidating prior art. The '709 Patent should never have issued and, in any event, is not infringed by the conduct of Defendants or PeroxyChem's customers.

## ANSWER

In this Answer, Defendants respond to the correspondingly numbered paragraphs in the Complaint as follows:

### Jurisdiction and Venue

1.      Defendants admit that this lawsuit purports to state claims arising under the patent laws of the United States, codified at Title 35 of the United States Code. The remaining allegations of paragraph 1 set forth conclusions of law as to which no response is required.

2.      Defendants do not dispute that this Court has subject matter jurisdiction over this action. The remaining allegations of paragraph 2 set forth conclusions of law as to which no response is required.

3.      Defendants do not dispute that venue for this action is proper in this District. The remaining allegations of paragraph 3 set forth conclusions of law as to which no response is required.

4.      Defendants do not dispute this Court's personal jurisdiction over PeroxyChem. PeroxyChem admits that its principal place of business is in Philadelphia, Pennsylvania. The remaining allegations of paragraph 4 set forth conclusions of law as to which no response is required.

## Parties

5.      Defendants admit that IET is incorporated in Pennsylvania.  Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny them.

6.      Defendants admit that PeroxyChem is a limited liability corporation formed under the laws of Delaware and has its principal place of business in Philadelphia, Pennsylvania, 19103. The remaining allegations of paragraph 6 are denied.

7.      Defendants admit that Scott Steffl is a global business director employed by PeroxyChem and an adult individual.  The remaining allegations of paragraph 7 set forth conclusions of law as to which no response is required.

8.      Defendants admit that Bruce Lerner is the chief executive officer of PeroxyChem. The remaining allegations of paragraph 8 set forth conclusions of law as to which no response is required.

## Background

**A.      PeroxyChem**

9.      Admitted.

10.      Defendants admit that, prior to February 28, 2014, PeroxyChem was a division of FMC Corp., operating as FMC Global Peroxygens.  Defendants admit that, on occasion, a piece of PeroxyChem product literature relating to its accused EHC$^{®}$ Reagent technology contains a reference to "FMC" or "FMC Environmental Solutions," such as in the data sheet attached as Exhibit C to the Complaint and the installation procedures attached as Exhibit E to the Complaint. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore deny them.

11.     Paragraph 11 is vague, uninformative, and lacking in factual content as who the "purchasers" referred to are, what the "many of its products" are, what the "licensing agreements and/or…licensing fees" are, and what the "claim to certain intellectual property rights" is. Consequently, Defendants presently lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore deny them.

12.     Defendants admit that one of PeroxyChem's products is the EHC® ISCR Reagent technology accused by IET in this case and that information about this technology is available on PeroxyChem's website.  To the extent any factual allegations remain in paragraph 12, they are denied.

**B.     PeroxyChem Infringement of United States Patent No. 7,531,709**

13.     Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny them.

14.     Defendants admit that the United States Patent and Trademark Office ("PTO") issued the '709 Patent on May 12, 2009; that the patent is titled "Method for Accelerated Dechlorination of Matter"; that the patent purports to claim priority back to a provisional patent application filed on January 6, 2003; and that a copy of the patent is attached as Exhibit A to the Complaint.  The remaining allegations of paragraph 14 are denied.  Defendants specifically deny that the '709 Patent is valid, enforceable, or was duly or legally issued by the PTO.

15.     Denied.

16.     Admitted.

17.     Defendants admit claim 1 is the only independent claim of the '709 Patent and that the patent's remaining claims all depend from claim 1.  The remaining allegations of paragraph 17 are denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Defendants admit that Exhibit B to the Complaint purports to be a copy of a PeroxyChem webpage and that the webpage corresponding to Exhibit B is available on PeroxyChem's website as of the date of this Answer.  Defendants admit that Exhibit B states in reference to the accused EHC® Reagent technology that "EHC® technology describes a family of remediation products used for the *in situ* treatment of groundwater and saturated soil impacted by heavy metals and persistent organic compounds such as chlorinated solvents, pesticides and energetics."  To the extent any factual allegations remain in paragraph 22, they are denied.

23.     Defendants admit that Exhibit B states in reference to the accused EHC® Reagent technology that "EHC is composed of controlled-release carbon, zero valent iron (ZVI) particles and nutrients used for stimulating in situ chemical reduction (ISCR) of otherwise persistent organic compounds in groundwater.  Following placement of EHC into the subsurface environment, a number of physical, chemical and microbiological processes combine to create very strong reducing conditions that stimulate rapid and complete dechlorination of organic solvents and other recalcitrant compounds (e.g., explosives and organochlorine pesticides)."  To the extent any factual allegations remain in paragraph 23, they are denied.

24.     Defendants admit that Exhibit C to the Complaint purports to be a copy of a data sheet relating to the accused EHC® Reagent technology.  Defendants admit that Exhibit C states that "EHC® ISCR Reagent is an *in situ* chemical reduction (ISCR) product for remediation of impacted groundwater.  It is composed of a mixture of food grade organic carbon and micro-scale zero-valent iron in a blended powder."  To the extent any factual allegations remain in paragraph 24, they are denied.

25.     Defendants admit that Exhibit D to the Complaint purports to be a copy of a product sheet relating to the accused EHC® Reagent technology.  Defendants admit that Exhibit D includes, under the heading "Installation methods," a line stating "Injection of EHC Slurry via Direct Push Technology (DPT)."   By way of further answer, Defendants state that Exhibit D identifies at least three installation methods other than direct push technology, i.e., "Direct placement into open excavations or trench PRBs," "Deep soil mixing," and "Hydraulic and Pneumatic Fracturing."  To the extent any factual allegations remain in paragraph 25, they are denied.

26.     Defendants admit that Exhibit E to the Complaint purports to be a copy of an installation procedures document relating to the accused EHC® Reagent technology.  Defendants admit that Exhibit E states that "This document provides guidelines for direct application into several methods — first open excavation, then a discussion how to make slurry, and lastly injection guidelines."  Defendants admit that an installation procedures document corresponding to Exhibit E is available on PeroxyChem's website as of the date of this Answer.  To the extent any factual allegations remain in paragraph 26, they are denied.

27.     Defendants admit that an installation procedures document corresponding to Exhibit E is available on PeroxyChem's website as of the date of this Answer.  The remaining allegations of paragraph 27 are denied.

28.     Denied.

29.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement

of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

      **C.**    **Direct Infringement of the 709 Patent**

      30.    Defendants admit that PeroxyChem participates in forums in the U.S and internationally relating to environmental remediation technology and that one purpose of its participation in these forums is to market its EHC® Reagent family of products.  To the extent any factual allegations remain in paragraph 30, they are denied.

      31.    Denied.

      32.    Denied.

      33.    Defendants admit that Exhibit F to the Complaint purports to be a copy of a post available on PeroxyChem's website.  Defendants admit that a webpage corresponding to Exhibit F is available on PeroxyChem's website as of the date of this Answer.  Defendants deny that the date of this post is March 21, 2015; Exhibit F indicates that the date is March 21, 2014.  Defendants admit that Exhibit F states that "PeroxyChem's EHC ISCR technology has been successfully used at thousands of sites throughout the world."  To the extent any factual allegations remain in paragraph 33, they are denied.

      34.    Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

**D.      Knowing Participation of PeroxyChem Officers**

35.      The allegations of paragraph 35 set forth conclusions of law as to which no response is required.

36.      The allegations of paragraph 36 set forth conclusions of law as to which no response is required.  To the extent this paragraph purports to set forth factual allegations, they are denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

37.      Defendants admit that Scott Steffl and Bruce Lerner learned of the '709 Patent shortly after May 15, 2015, when outside counsel for IET sent a letter to outside counsel for PeroxyChem referencing the '709 Patent and attaching a draft complaint.  The letter was labeled "Settlement Communication Inadmissible Pursuant to Fed. Civ. Rule 408."  To the extent this paragraph attempts to allege that the individual defendants had actual knowledge of the '709 Patent prior to the May 15, 2015 letter, Defendants presently lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore deny them.

38.      Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

39.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

40.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

41.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

42.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

43.      Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

44.      Defendants admit that Scott Steffl had approval authority over the documents attached as Exhibit B-F of the Complaint.  Defendants admit that Exhibits B-F to the Complaint were created as part of general marketing and public information activities authorized by PeroxyChem management.  The remaining allegations of paragraph 44 are denied.

## Count I – Infringement of the '709 Patent by PeroxyChem
### (IET v. PeroxyChem)

45.      Defendants repeat and incorporate by reference, as if fully set forth herein, its answers to preceding paragraphs set forth above.

46.      Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

47.      Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement

of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

### Count II – Contributory Infringement of the '709 Patent by PeroxyChem
### (IET v. PeroxyChem)

48.     Defendants repeat and incorporate by reference, as if fully set forth herein, its answers to preceding paragraphs set forth above.

49.     The allegations of paragraph 49 set forth conclusions of law as to which no response is required.

50.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

51.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

52.     Defendants admit that PeroxyChem learned of the '709 Patent shortly after May 15, 2015, when outside counsel for IET sent a letter to outside counsel for PeroxyChem referencing the '709 Patent and attaching a draft complaint.  The letter was labeled "Settlement Communication Inadmissible Pursuant to Fed. Civ. Rule 408."  To the extent this paragraph attempts to allege that PeroxyChem had actual knowledge of the '709 Patent prior to the May 15, 2015 letter, Defendants

presently lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore deny them.  The remaining allegations of paragraph 52 are denied. To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

53.     Defendants admit that PeroxyChem received the May 15, 2015 letter from IET's outside counsel referencing the '709 Patent, attaching a draft complaint, and labeled "Settlement Communication Inadmissible Pursuant to Fed. Civ. Rule 408."  The remaining allegations of paragraph 53 are denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

54.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

## Count III – Inducing Infringement of the '709 Patent by PeroxyChem
### (IET v. All Defendants)

55.     Defendants repeat and incorporate by reference, as if fully set forth herein, its answers to preceding paragraphs set forth above.

56.     The allegations of paragraph 56 set forth conclusions of law as to which no response is required.

57.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

58.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

59.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

60.     Defendants admit that PeroxyChem, Scott Steffl, and Bruce Lerner learned of the '709 Patent shortly after May 15, 2015, when outside counsel for IET sent a letter to outside counsel for PeroxyChem referencing the '709 Patent and attaching a draft complaint.  The letter was labeled "Settlement Communication Inadmissible Pursuant to Fed. Civ. Rule 408."  To the extent this paragraph attempts to allege that PeroxyChem had actual knowledge of the '709 Patent prior to the May 15, 2015 letter, Defendants presently lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore deny them.  The remaining allegations of paragraph 60 are denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

61.     Defendants admit that PeroxyChem received the May 15, 2015 letter from IET's outside counsel referencing the '709 Patent, attaching a draft complaint, and labeled "Settlement Communication Inadmissible Pursuant to Fed. Civ. Rule 408."  The remaining allegations of paragraph 61 are denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

62.     Denied.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants

hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

**Prayer for Relief**

Defendants deny the allegations contained in the Prayer for Relief and further deny that IET is entitled to any relief whatsoever against Defendants.  To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement, each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

**Jury Demand**

Defendants admit that the Complaint sets forth a demand for trial by jury.  Defendants similarly demand a trial by jury.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses without prejudice to the denials set forth in the preceding paragraphs and without admitting any allegations of the Complaint not otherwise admitted.  Furthermore, because Defendants' investigation into IET's claims is continuing, Defendants expressly reserve the right to allege additional defenses as they become available during the course of this action, including through discovery.

**First Affirmative Defense**

The claims of the '709 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including 35 U.S.C. § 101 (lack of patentable subject matter and

utility), § 102 (anticipation), § 103 (obviousness), § 112 paragraph 1 (lack of written description and lack of enablement), and § 112 paragraph 2 (indefiniteness).

### Second Affirmative Defense

To the extent 35 U.S.C. § 282 requires an additional pleading of noninfringement beyond the denial of IET's allegation of infringement (as set forth above), each of the Defendants hereby pleads that it or he does not and has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Defendants expressly note that the burden of proof on all claims of infringement, direct and indirect, remains at all times and for all purposes on IET.

### Third Affirmative Defense

IET's claims of infringement of the '709 Patent are barred in whole or in part by the doctrines of laches, equitable estoppel, waiver, and/or acquiescence.  By way of example, for over six years after the '709 Patent issued, and eleven years after publicly touting the filing of the patent application, IET had not asserted the patent, including against FMC Corporation or PeroxyChem. It was not until months after PeroxyChem's November 2014 filing of its own patent suit against IET in the U.S. District Court for the Eastern District of Pennsylvania — *PeroxyChem LLC v. Innovative Environmental Technologies, Inc.* Case No. 2:14-cv-06446-JP — that IET first made assertions of infringement under the '709 Patent against Defendants.

### Fourth Affirmative Defense

IET's right to recover damages is limited by 35 U.S.C. § 286, which precludes recovery of damages arising from any acts occurring more than six years prior to the filing of the Complaint.

### Fifth Affirmative Defense

IET's claims for injunctive relief are barred because IET fails to meet the requirements for obtaining injunctive relief, e.g., IET has not suffered an irreparable injury, IET has an adequate

remedy at law, the balance of equities and burdens from injunctive relief weighs in favor of Defendants, and/or granting injunctive relief would be contrary to the public interest.

## COUNTERCLAIMS

By way of Counterclaims against Plaintiff and Counterclaim Defendant Innovative Environmental Technologies, Inc. ("IET"), Defendant and Counterclaim Plaintiff PeroxyChem LLC ("PeroxyChem") alleges as follows:

### Nature of the Case

1.      PeroxyChem brings this action seeking a declaratory judgment (a) that U.S. Patent No. 7,531,709 (the "'709 Patent") is invalid and (b) that PeroxyChem's EHC® Reagent family of products does not infringe the '709 Patent, that use or sale of the EHC® Reagent family of products does not infringe (either directly, contributorily, or by inducement) the '709 Patent, and that PeroxyChem has not directly infringed, contributed to the infringement, or induced others to infringe the '709 Patent.

2.      This action for declaratory judgment is necessary because of recent claims made by IET and its business associate and purported licensee Provectus Environmental Products Inc. ("Provectus") that the '709 Patent is being infringed by PeroxyChem, as well as by PeroxyChem customers using EHC® Reagent products.

3.      IET and Provectus raised these charges of infringement in response to an earlier patent litigation filed by PeroxyChem against them in this Court, *PeroxyChem LLC v. Innovative Environmental Technologies, Inc. et al.*, Civ. No. 2:14-cv-6446-JP.  However, IET's and Provectus' public statements, communications with PeroxyChem customers, and IET's recent filing of this action asserting the '709 Patent in this Court have placed a cloud over PeroxyChem's EHC® Reagent products and threaten to injure PeroxyChem's business and its business relationships with EHC® Reagent customers.  Accordingly, there is a substantial controversy, immediate and real, between

parties having adverse legal interest over the invalidity and noninfringement of the '709 Patent, making these counterclaims for declaratory judgment appropriate.

4.      For example, the '709 Patent is invalid under sections 102(b) and 103 of the Patent Act, 35 U.S.C. §§ 102(b) & 103, because for years before IET filed its patent application, the Adventus group of companies, including Adventus Americas Inc., were offering for sale, selling, and publicly using the DARAMEND® soil remediation product, which fully anticipates and/or renders obvious the claims the '709 Patent.

## The Parties

5.      Defendant and Counterclaim Plaintiff PeroxyChem is a Delaware limited liability corporation with its principal place of business in Philadelphia, Pennsylvania.

6.      On information and belief, Plaintiff and Counterclaim Defendant IET is a Pennsylvania corporation with its principal place of business in Pipersville, Pennsylvania.

7.      IET purports to own the '709 Patent, entitled "Method for Accelerated Dechlorination of Matter."  On June 5, 2015, IET filed the instant civil action in this Court charging PeroxyChem with directly infringing, contributorily infringing, and inducing the infringement of the '709 Patent.  IET has also directly communicated with at least one PeroxyChem customer alleging that the customer infringes the '709 Patent through use of PeroxyChem's EHC® Reagent products.

## Jurisdiction and Venue

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331, and 1338(a) because this action arises under the patent laws and seeks relief under the Federal Declaratory Judgment Act.

9.      IET is subject to personal jurisdiction in this District because IET's principal place of business is in this District.  Additionally, IET has consented to personal jurisdiction in this District by filing its Complaint against PeroxyChem in this District.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because IET has its principal place of business in this District.  Additionally, IET has consented to venue in this District by filing its Complaint against PeroxyChem in this District.

### Factual Background

11.     On November 7, 2014, PeroxyChem filed a patent case in this Court against IET, alleging that IET infringed PeroxyChem's U.S. Patent 7,785,038 (the "'038 Patent"), entitled "Oxidation of Organic Compounds."  *See* Doc. No. 1 in *PeroxyChem LLC v. Innovative Environmental Technologies, Inc. et al.*, Civ. No. 2:14-cv-06446-JP (hereinafter, the "14-cv-06446 Action").

12.     On January 23, 2015, PeroxyChem filed a First Amended Complaint adding non-patent claims against IET's principal Michael Scalzi; Provectus, a company with a business relationship with IET; and Provectus' president, James Mueller.  *See* Doc. No. 10 in the 14-cv-06446 Action.

13.     In response to this PeroxyChem litigation, on May 15, 2015, outside counsel for IET (and for all other defendants named in the 14-cv-06446 Action) sent PeroxyChem's outside counsel a letter labeled "Settlement Communication Inadmissible Pursuant to Fed. Civ. Rule 408."  The letter alleged that PeroxyChem's sale and marketing of EHC® ISCR Reagent products infringes the '709 Patent and indicated that if PeroxyChem did not cease these activities, IET would sue PeroxyChem for patent infringement.  A draft complaint accompanied the letter.

14.     On Sunday, May 17, 2015, IET's principal Michael Scalzi contacted at least one PeroxyChem customer of EHC® ISCR Reagent products contending that the customer "may have been" infringing the '709 Patent by making "EHC injections."

15.     On May 28, 2015, outside counsel for PeroxyChem wrote to IET's outside counsel responding to IET's May 15 letter.  In the response, PeroxyChem's counsel, among other things informed IET about the DARAMEND prior art.  PeroxyChem's counsel stated that the

"combination of organic carbon fiber and zero valent iron" claimed in the '709 Patent "had been offered for sale by Adventus, Inc., since at least as early as the mid-1990s" — many years before the claimed 2003 priority date of the '709 Patent.  PeroxyChem's counsel attached publicly available documents, including an Environmental Protection Agency report, documenting use of DARAMEND years before the claimed priority date of the '709 Patent.  PeroxyChem's counsel also attached product ingredient listings showing that "EHC and DARAMEND comprise virtually identical constituent components, i.e., organic carbon fiber hydrogen donors and zero valent iron."

16.     Under the "on sale" and "public use" bars set forth in section 102(b) of the Patent Act, 35 U.S.C. § 102(b), one cannot obtain a patent on an invention that was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."

17.     On information and belief, before filing its Complaint against PeroxyChem in the instant action, IET was aware of the DARAMEND prior art, including that it was on sale and/or in public use well before the '709 Patent's claimed 2003 priority date and that the DARAMEND product was closely related to the EHC® Reagent products accused in this case.  For example:

a.     As evidence in support of its infringement allegations against EHC® Reagent products, IET attached as Exhibit F to its Complaint a copy of a March 21, 2014 webpage from PeroxyChem's website.  That webpage noted the DARAMEND prior art, explaining that development of "EHC ISCR technology" was initiated by Adventus (among others) as a follow-on "fine-grained version of their proprietary Daramend amendment."

b.     On information and belief, IET's business associate James Mueller, president of Provectus, was aware of the DARAMEND prior art.  He headed the Adventus group's U.S. unit, Adventus Americas Inc., between 1997 and 2011, and then joined FMC Corporation ("FMC") when it acquired the Adventus group in 2011.  On information and belief, based on publicly available

information, while at Adventus Americas Inc., Dr. Mueller publicly presented the DARAMEND product. On information and belief, based on publicly available information, after joining FMC, Dr. Mueller continued to present on the DARAMEND product, which was now offered for sale through FMC.

        c.    IET received the May 28, 2015 response letter from PeroxyChem's counsel providing information on the DARAMEND prior art.

18.    Notwithstanding the above information concerning DARAMEND, on June 5, 2015, IET filed the instant Complaint against PeroxyChem, alleging that PeroxyChem directly infringed, contributorily infringed, and induced the infringement of the '709 Patent through the EHC® Reagent products.

19.    On Sunday, June 7, 2015, at 11:09 pm, IET's principal Michael Scalzi emailed Defendant Scott Steffl a link to a website referencing the filing of IET's Complaint. The subject line of the email was "See what you-all started ?"

20.    Since that time, on information and belief, IET has directly contacted at least one other PeroxyChem customer accusing it of infringing the '709 Patent through use of PeroxyChem's EHC® Reagent products.

21.    Ten days after IET's filing of its Complaint, on or around June 15, 2015, its business partner, Provectus, issued a press release titled "Industry Awareness: Provectus Honors United States Patent No. 7,531,709." In the press release, Provectus stated that it "holds a license to utilize patent 7,531,709." Provectus also characterized the scope of the '709 Patent in broad terms: "Simply put, IET's technology consists of combining an organic hydrogen donor (e.g., oil, emulsified oil, lecithin, emulsified lecithin, fibrous organic matter / vegetable matter, sugars, *et cetera*) with zero valent metal (*e.g.*, ZVI) for the purpose of remediation of soil, sediment or groundwater."

22.     Provectus' June 15, 2015 press release further stated: "schemes involving . . . ZVI plus solid, semi-solid or fibrous organic hydrogen donors (e.g., plants or other vegetable matter) must obtain a license from IET for the use of IET's base technology."

23.     Despite this broad characterization of the '709 Patent, Provectus did not mention the DARAMEND prior art in this press release.  On information and belief, IET also has not mentioned DARAMEND in any of its public statements or communications with PeroxyChem customers concerning the '709 Patent.

24.     DARAMEND uses ZVI and solid, semi-solid or fibrous organic hydrogen donors (e.g., plants or other vegetable matter) for soil remediation purposes.

25.     Provectus' June 15, 2015 press release concerning the '709 Patent lists Dr. James Mueller as the "Provectus Technical Contact."  As referenced above in paragraph 17.b. of the Counterclaims, Dr. Mueller was aware of the DARAMEND prior art from his many years at Adventus Americas Inc. and, later, FMC.

26.     The '709 Patent issued on May 12, 2009.  The applicants did not make the patent examiner aware of the DARAMEND prior art.

27.     On information and belief, based on public record searches, in the more than six years between the '709 Patent's issue date and the June 5, 2015 filing of the Complaint in the instant action against PeroxyChem, IET has never brought suit on the '709 Patent.

28.     PeroxyChem believes that the '709 Patent is invalid, that use or sale of PeroxyChem's EHC® Reagent products does not infringe the '709 Patent, and that neither PeroxyChem nor its EHC® Reagent customers have infringed the '709 Patent either directly, contributorily, or by inducement.

29.     IET's Complaint, as well as the pre- and post-complaint public statements and communications from IET and its business partner Provectus, have placed a cloud over

PeroxyChem's activities and its EHC® Reagent products, including over PeroxyChem customers' use of those products.  PeroxyChem faces a direct and immediate threat to its customer and business relationships relating to EHC® Reagent products.  Accordingly, there is a substantial controversy, immediate and real, between parties having adverse legal interest over the invalidity and noninfringement of the '709 Patent, making these counterclaims for declaratory judgment appropriate.

**Count One**
**Declaratory Judgment of Patent Invalidity of the '709 Patent**

30.     PeroxyChem realleges and incorporates paragraphs 1 to 29 above as if fully set forth herein.

31.     The claims of the '709 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including 35 U.S.C. § 101 (lack of patentable subject matter and utility), § 102 (anticipation), § 103 (obviousness), § 112 paragraph 1 (lack of written description and lack of enablement), and § 112 paragraph 2 (indefiniteness).

32.     As one example, the '709 Patent is invalid in light of the DARAMEND prior art, which was not made available to or considered by the U.S. Patent and Trademark Office before it issued the '709 Patent.  Under § 102(b) of the Patent Act, one is not entitled to patent an invention that was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."  35 U.S.C. § 102(b).  The DARAMEND prior art was in public use and/or on sale in the U.S. years before the '709 Patent's claimed priority date of January 6, 2003.  The DARAMEND prior art anticipates the claims of the '709 Patent under 35 U.S.C. § 102 and/or renders them obvious (by itself or in combination with other well-known prior art references) under 35 U.S.C. § 103.

33.     PeroxyChem is entitled to and seek a declaratory judgment that all claims in the '709 Patent are invalid.

## Count Two
### Declaratory Judgment of Noninfringement of the '709 Patent

34.     PeroxyChem realleges and incorporate paragraphs 1 to 33 above as if fully set forth herein.

35.     PeroxyChem has not directly infringed, contributorily infringed, or induced the infringement of the '709 Patent, and is not liable for any direct or indirect infringement of the '709 Patent.  Moreover, use of PeroxyChem's EHC® Reagent family of products does not infringe the '709 Patent.

36.     PeroxyChem is entitled to and seeks a declaratory judgment that the '709 Patent is not infringed through Counterclaim Plaintiffs' activities or the activities of PeroxyChem's customers in connection with the EHC® Reagent family of products.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint and having asserted Affirmative Defenses and Counterclaims, Defendants and Counterclaim Plaintiff pray for judgment as follows:

A.     That this Court fully and finally dismiss with prejudice Plaintiff's claims against Defendants and order that Plaintiff take nothing from Defendants;

B.     That this Court enter judgment and/or declare that the '709 Patent is invalid;

C.     That this Court enter judgment and/or declare that Defendants do not infringe the '709 Patent;

D.     That this Court enter judgment that this case is exceptional under 35 U.S.C. § 285 and award Defendants their attorneys' fees and prejudgment interest;

E.     That this Court award Defendants all of their costs of this action; and

F.     That this Court grant Defendants such other and further relief as the Court shall deem just and proper.

24

Respectfully submitted,

**DUANE MORRIS LLP**

/s/ Jeffrey S. Pollack
Jeffrey S. Pollack (Pa. 91888)
Samuel W. Apicelli (Pa. 79476)
Aleksander J. Goranin (Pa. 92452)
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020
jspollack@duanemorris.com
swapicelli@duanemorris.com
agoranin@duanemorris.com

July 2, 2015

*Attorneys for Defendant and Counterclaim Plaintiff
PeroxyChem LLC and Defendants Bruce Lerner and
Scott Steffl*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 2, 2015, the foregoing is being filed through the Court's electronic case filing system (CMECF), which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for any party who are not registered participants are being served by electronic mail and/or U.S. first class mail on the date of electronic filing.


<u>/s/ Jeffrey S. Pollack</u>
Jeffrey S. Pollack

*Attorneys for Defendant and Counterclaim Plaintiff PeroxyChem LLC and Defendants Bruce Lerner and Scott Steffl*